NOVEMBER 12, 1802.

# Abraham Hites *et al. v.* Thos. McClenahan.

*Upon an appeal from a decree of the General Court.*

Unless an entry is of such certainty that the land can be found upon reasonable search, it can not prevail against the legal title granted upon a younger entry.

In deciding on this cause the first question which naturally presents itself is, does the entry on which the complainants found their claim contain such a degree of certainty and pre-

Hite *v.* McClenahan.

cision as will justify the court in decreeing in favor of it against an elder legal title? The first and second calls, "on the waters of Kentucky—on the north side thereof," are only general designations of the part of the country intended. "Above the mouth of Shawnee run," is a call of the same kind, or can only be made otherwise by some additional call, and the only expression or expressions in the entry which can have that effect are the calls for two corners on the bank of the Kentucky river, one of which is shown about a mile and the other about a mile and three quarters above the mouth of Shawnee run. If the complainants had also shown that those corners do actually stand on the immediate bank of Kentucky, it might have been urged with some plausibility that other locators who wished to avoid interfering with the entry, would have searched along the bank, at least to the distances which have been mentioned, and by so doing would have found those corners. It does not, however, appear that both or either of the corners are so situated; but on the reverse, the complainants' two grants for the land in controversy (which, taken together, exactly correspond with the entry as to courses, distances and corner trees) call for the corners alluded to as standing on the cliffs of Kentucky, and not on its bank, and as it has not been made to appear that the cliffs and the banks of Kentucky are synoymous expressions, nor that at this place the cliffs of Kentucky are narrow strips extending along the river, and compose what with propriety may be styled its banks, it is conceived that the entry is in itself materially defective, or that it has not been properly supported; consequently, the decree of the inferior court must be sustained. Wherefore, it is considered by the court, that the decree aforesaid be affirmed, and that the appellee recover of the appellants his costs in this behalf expended, which is ordered to be certified to the said court.