## J. W. JOHNSON AND WIFE *v.* O. F. BRUSTER.

1. CONSTABLE. *Motions against.* *Recitals of.* A judgment based upon a motion deficient in proper recitals, is void, though such motion may refer to a notice already spread upon the minutes embracing the necessary facts.
   Case cited: Watkins *v.* Barnes, 1 Sneed, 205.

### FROM WARREN.

Appeal from the Circuit Court.     W. P. HICKERSON, Judge.

SAVAGE and SWOFFORD for Johnson and Wife.

W. E. B. JONES for Bruster.

FREEMAN, J., delivered the opinion of the Court.

This was a judgment obtained by motion, against the administrator of a Constable, and the sureties of the officer on official bond, for failure to return two executions from a Justice of the Peace.

The case must be reversed, for the following reasons: It is well settled that the notice given to the officer is not the commencement of the suit, is not process, but an individual act of the party. As such, it is not part of the record, certainly not part of the pleadings, if such term can be applied to these informal proceedings authorized by our statutes. We find in the record a formal notice marked "filed" by the Clerk, and which is or appears to have been entered on the minutes of the Court, in which the grounds on which he intended to make

J. W. Johnson and Wife *v.* O. F. Bruster.

his motion are set out. Then follows an entry of his motion as follows:

"And thereupon the plaintiff moves the Court for judgment against ——— ———, 'in pursuance of the notice given aforesaid, which motion is continued until next term."

In case of *Watkins* v. *Barnes*, 1 Sneed 205, it is laid down.

The motion is commencement of the suit, and the record must show distinctly the particular ground upon which it is made, and upon that the judgment, to be valid, must be rested. If that is not sustained the motion fails. Here the motion itself shows no ground on which it is made, or a judgment is sought, but simply says it is made for a judgment against ——— ———, in pursuance of the notice given aforesaid. We can not say, from the face of the motion, for what cause it is made, except by reference to another paper, the notice, nor can we see against whom it was made, as the name of the party is not given. We might infer it was intended to be made against Pennybaker, but in view of our decisions giving any thing but a liberal construction to the remedies under our statute by motion, and the fact that as to the sureties they are summary, and without notice to them, we do not feel authorized to make the inference required.

The motion entered in Court, while it does not require the form of a declaration, should show on its face the amount and date of the execution, against

whom it is made, on what judgment the execution issued, and these statements should appear with reasonable certainty, as the motion is the first step in Court in these proceedings, and the only record evidence of what is in controversy, and upon what grounds the motion was made. That the plaintiff gave a constable a notice that he would move against him, and then comes into Court and moves for a judgment against ———— ————, in pursuance of said notice, we think can not furnish a ground on which to base a judgment against an officer and his sureties, unless we abandon the principles so-uniformly acted on, and so long settled in such cases by our Courts.

The case will be reversed and motion dismissed.